IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 25 2004

Michael N. Milby, Clerk

| | | |
|---|---|---|
| SHEILA BELL, *et al.* | § § | |
| v. | § § | CIVIL ACTION NO. G-04-288 |
| CHERYL TRIPLETT, *et al.* | § § | |

## ORDER

On April 28, 2004, this Court received a Complaint and Application to Proceed *In Forma Pauperis* filed by Plaintiffs. After reviewing the Complaint and several subsequent Amended Complaints, the Court finds that IFP status is not merited in this matter.

On June 27, 2003, this Court dismissed a previous case filed by Plaintiffs alleging state law claims related to the custody of the children of Sheila and Christopher Bell and various federal claims under 42 U.S.C. § 1983. The Court concluded that it lacked jurisdiction over the state law claims and that the Defendants were entitled to qualified immunity. Plaintiffs now bring the identical claims in this action and add several new Defendants. In addition, they appear to allege the violation of unspecified rights of the Bell children during a 2004 interview and violations of 42 U.S.C. § 1985.

A District Court has wide discretion to deny an Application to Proceed *In Forma Pauperis*. *Flowers v. Turbine Support Div.*, 507 F.2d 1242 (5th Cir. 1975). As this Court has previously stated, Plaintiffs have no standing to bring claims on behalf of their children because they do not have custody of them. Plaintiffs could have brought their § 1985 claim earlier, although it would also have been dismissed on the basis of qualified immunity. In addition, Plaintiffs could have

included the new Defendants named in this case in their earlier action. Although the dismissal was without prejudice, the Court pointed out that it lacked jurisdiction over the custody claims and recommended that Plaintiffs pursue their remedies in state court. The Court reiterates that if, as Plaintiffs allege, custody is their primary concern, they should seek relief in state court, not in federal court. Plaintiffs' instant pleadings appear to have no legal basis for a successive exercise of federal jurisdiction; "no one, rich or poor is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798 (5th Cir. 1975).

It is therefore **ORDERED** that the Application to Proceed *In Forma Pauperis* (Instrument No. 2) is **DENIED**. If Plaintiffs fail to pay the $150.00 filing fee in full by June 18, 2004, their Original and Third Amended Complaints will be dismissed for want of prosecution

**DONE** at Galveston, Texas this 24th day of May, 2004.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE